UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KELLY E. FIELDS CORR,               )
                                         )
           Plaintiff,             )
                                         )
           v.                 )     No. 1:24-cv-01756-RLY-MJD
                                         )
COMMUNITY HEALTH NETWORK, INC., et  )
al.,                               )
                                         )
          Defendants.         )

**ORDER ON MOTION FOR ATTORNEYS' FEES**

On July 7, 2025, Defendant Community Health Network, Inc., (hereinafter "Defendant"), filed a motion to compel in which it sought to compel responses from Plaintiff to its Request for Production No. 22, which sought "[a]ll income records filed with the IRS within the past five (5) years, or from January 1, 2020 to the present, including W-2's, 1099's, and tax returns." [Dkt. 93 at 1-2.] The document request had been served on February 5, 2025, and Plaintiff had served her response on May 22, 2025, which read as follows:

> Dr. Corr objects to Request No. 22 on the grounds that it is harassing, irrelevant, immaterial to any party's claim or defense, impermissibly vague, unduly burdensome, overbroad, and not proportional to the needs of the case. Specifically, Request No. 22 exceeds the bounds of permissible discovery limited by Fed.R.Civ.P. 26(b) in that Request No. 22 is not limited to "nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Request No. 22 is insufficiently limited in time and subject. Request No. 22 therefore fails to consider "the parties' resources, . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). Dr. Corr also objects to Request No. 22 as irrelevant because not all compensation is legally required to offset Dr. Corr's damages.
>
> Producing Dr. Corr's income tax returns, in particular, unnecessarily invades other confidential financial information of Dr. Corr, as well as confidential information relating to her non-party family members. Many federal courts have recognized a public policy against the routine disclosure of tax returns in discovery and

require a demonstration that the returns are both "relevant and material to the matters in issue." *E.g., Shaver v. Outward Bound*, 71 F.R.D. 561, 564 (N.D. Ill. 1976). *See Fed. Sav. & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D. Ill. 1972); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2008 WL 2857250, at *4 (N.D. Ind. July 23, 2008) (citing *Continental Coal, Inc. v. Cunningham*, 2007 WL 4241848, at *3 (D. Kan. Nov. 28, 2007)).  Thus, Dr. Corr objects to and will not voluntarily produce her tax returns in their entireties. Instead, Dr. Corr will only produce her W-2s for 2020 to the present.

Subject to and without waiving her objections, Dr. Corr states that relevant, nonprivileged documents in her possession, custody, or control that are responsive to Request No. 22 have been produced and bates-labeled as Fields Corr-000554-557.  No documents have been withheld on the basis of these objections.

[Dkt. 93-2 at 19-20.][1]

What followed was a back-and-forth between counsel about this and other responses Defendant found deficient.  *See* [Dkt. 98-4].  Plaintiff's counsel suggested alternative means for Defendant to obtain the information Plaintiff agreed was relevant—Plaintiff's own income—which Defendant found unacceptable.  When the parties were unable to agree on several issues, including the production of Plaintiff's tax returns (or the production of an executed IRS Form 4506, which would authorize Defendant to obtain her tax returns from the IRS), Defendant sought a discovery conference with the Court.  That conference was held on June 10, 2025, and resulted in the Court authorizing Defendant to file a motion to compel.  [Dkt. 89.]  The following week, defense counsel sent Plaintiff's counsel a letter via email outlining what Defendant believed were the remaining deficiencies in Plaintiff's discovery responses, giving

---

[1] Defendant argues that "Plaintiff's boilerplate objections to Request No. 22 are not stated with specificity and are therefore waived."  [Dkt. 98 at 8.]  To be sure, Plaintiff does assert boilerplate objections, but not all of her objections are boilerplate and she clearly also asserted cogent, specific objections to Request No. 22.  Defendant's waiver argument is thus misplaced and unhelpful, as is Defendant's "waiver by not responding to the waiver argument" argument in its reply.

Plaintiff a week to respond before Defendant filed a motion to compel.  [Dkt. 98-6.]  None of Plaintiff's three attorneys acknowledged the letter.[2]

Having received no response to the deficiency letter, Defendant filed its motion to compel on July 7, 2025.  [Dkt. 93.]  While the deficiency letter had raised several issues, the motion to compel sought only to compel production of the tax returns sought in Document Request No. 22.[3]  Hours later, Plaintiff's counsel emailed the requested tax returns to defense counsel.  [Dkt. 98-7.]  Defendant later withdrew the mooted motion to compel, [Dkt. 95], and filed the instant motion for attorney fees, [Dkt. 97].

Defendant's motion is filed pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), which provides that the Court must not award fees to the successful filer of a motion to compel if "the opposing party's nondisclosure, response, or objection was substantially justified."  "[T]o persuade us that opposition to a motion to compel was substantially justified, a party must show

---

[2] Plaintiff argues that it would somehow be unjust to award fees because, after receiving no response to the deficiency letter, defense counsel did not reach out to Plaintiff's counsel again before filing the motion to compel.  It is unclear why none of Plaintiff's lawyers read the deficiency letter.  And while sending a letter would not have satisfied the requirement to meet-and-confer regarding a discovery dispute, *see Loparex, LLC v. MPI Release Techs., LLC*, 2011 WL 1871167 at *2 (S.D. Ind. May 16, 2011) ("[T]he local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive."), here that obligation had already been fulfilled and Defendant had been authorized to file a motion to compel.  Under those circumstances, defense counsel was not obligated follow up and give Plaintiff yet another chance to respond before filing the motion to compel.

[3] Defendant spends a not insignificant portion of its briefs arguing that Plaintiff's refusal to produce IRS authorizations was not substantially justified.  This is perplexing, because Defendant did not move to compel production of authorizations.  While the request for authorizations are discussed in the motion to compel, the only request set forth in the motion is Document Request No. 22, which seeks the tax returns, and the prayer for relief reads as follows: "WHEREFORE, Defendant Community Health Network, Inc. respectfully requests an order compelling Plaintiff Kelly E. Fields Corr, D.O. ("Plaintiff") to produce tax returns for the years 2020 through 2025."  The proposed order submitted with the motion is consistent with this prayer for relief.  Defendant obviously cannot receive attorney fees unrelated to the relief Defendant sought in the motion to compel.

there was a genuine dispute and its opposition had a reasonable basis in law and fact." *Pable v. Chicago Transit Auth.*, 145 F.4th 712, 724 (7th Cir. 2025). The Court easily finds that Plaintiff has made such a showing here.  Defendant's position in the instant motion suggests that the case law it cited to Plaintiff was somehow dispositive of the issue raised in the motion to compel.  It was not.  Had Plaintiff chosen to respond to the motion to compel rather than producing her tax returns, the Court would have had to engage with the substance of Plaintiff's arguments and provide a reasoned decision regarding the discoverability of the tax returns.  The result would almost certainly have been an order granting the motion to compel but finding Plaintiff's position to be substantially justified.  Accordingly, the instant motion for attorney fees, [Dkt. 97], is **DENIED**. Plaintiff's wholly unsupported request for fees for responding to the instant motion is also denied.  *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) (citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

SO ORDERED.

Dated:  16 MAR 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

4